**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| ROBERT CLOUGH II, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>FURNISHED FINDER, LLC,<br><br>　　　　　　　　Defendant. | Civil Action No.  1:26-cv-00397 |

**DEFENDANT FURNISHED FINDER, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Furnished Finder, LLC ("Furnished Finder") hereby answers the Complaint filed by Plaintiff Robert Clough II ("Plaintiff").  Except as expressly admitted herein, each and every allegation in the Complaint is denied.

1.　　　The allegations in Paragraph 1 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

2.　　　Furnished Finder denies the allegations in Paragraph 2 of the Complaint.

3.　　　Furnished Finder denies the allegations in Paragraph 3 of the Complaint.

4.　　　Furnished Finder denies the allegations in Paragraph 4 of the Complaint.

**Parties**

5.　　　Furnished Finder is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies them.

6.　　　Furnished Finder admits that it is a limited liability company headquartered in Austin, Texas.

**Jurisdiction and Venue**

7.	The allegations in Paragraph 7 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

8.	The allegations in Paragraph 8 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

9.	The allegations in Paragraph 9 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

**BACKGROUND**

*The Telephone Consumer Protection Act*

10.	The allegations in Paragraph 10 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

11.	The allegations in Paragraph 11 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

12.	The allegations in Paragraph 12 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

13.	The allegations in Paragraph 13 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

14.	The allegations in Paragraph 14 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

15.	The allegations in Paragraph 15 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

16.	The allegations in Paragraph 16 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

17. The allegations in Paragraph 17 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

18. The allegations in Paragraph 18 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

## FACTUAL ALLEGATIONS

19. The allegations in Paragraph 19 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

20. The allegations in Paragraph 20 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

21. Furnished Finder is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies them.

22. Furnished Finder is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies them.

23. In response to the allegations in Paragraph 23 of the Complaint, Furnished Finder admits that it contacted telephone number (603) 290-XXXX, associated with an individual who identified himself as "Rob," in response to a direct request for information on February 25, 2026, made on the Furnished Finder website.

24. In response to the allegations in Paragraph 24 of the Complaint, Furnished Finder admits that it contacted telephone number (603) 290-XXXX, associated with an individual who identified himself as "Rob," in response to a direct request for information on February 25, 2026, made on the Furnished Finder website.

25. In response to the allegations in Paragraph 25 of the Complaint, Furnished Finder admits that it contacted telephone number (603) 290-XXXX, associated with an individual who

identified himself as "Rob," in response to a direct request for information on February 25, 2026, made on the Furnished Finder website.

26.    In response to the allegations in Paragraph 26 of the Complaint, Furnished Finder admits that it contacted telephone number (603) 290-XXXX, associated with an individual who identified himself as "Rob," in response to a direct request for information on February 25, 2026, made on the Furnished Finder website.

27.    In response to the allegations in Paragraph 27 of the Complaint, Furnished Finder admits that it contacted telephone number (603) 290-XXXX, associated with an individual who identified himself as "Rob," in response to a direct request for information on February 25, 2026, made on the Furnished Finder website.

28.    In response to the allegations in Paragraph 28 of the Complaint, Furnished Finder admits that it contacted telephone number (603) 290-XXXX, associated with an individual who identified himself as "Rob," in response to a direct request for information on February 25, 2026, made on the Furnished Finder website.  On March 18, 2026, a representative from Furnished Finder spoke to an individual who identified himself as "Rob."  "Rob" expressed interest in listing a property with Furnished Finder and asked that Furnished Finder send emails to an email address of "bosoxrob3@yahoo.com."  At no point did "Rob" say that Furnished Finder contacted the wrong person or that he did not know why Furnished Finder was contacting him.

29.    In response to the allegations in Paragraph 29 of the Complaint, Furnished Finder admits that its agent, Sandra, spoke with an individual who identified himself as "Rob" and associated with the (603) 290-XXXX number.

30.    In response to the allegations in Paragraph 30 of the Complaint, Furnished Finder admits that its agent, Sandra, spoke with an individual who identified himself as "Rob" and

associated with the (603) 290-XXXX number.  "Rob" expressed interest in listing a property with Furnished Finder and asked that Furnished Finder send emails to an email address of "bosoxrob3@yahoo.com."  At no point did "Rob" say that Furnished Finder contacted the wrong person or that he did not know why Furnished Finder was contacting him.

31.    In response to the allegations in Paragraph 31 of the Complaint, Furnished Finder admits that the person who identified himself as "Rob" expressed interest in listing a property with Furnished Finder and asked that Furnished Finder send emails to an email address of "bosoxrob3@yahoo.com."  At no point did "Rob" say that Furnished Finder contacted the wrong person or that he did not know why Furnished Finder was contacting him.

32.    Denied as stated.  In response to the allegations in Paragraph 32 of the Complaint, Furnished Finder admits only that its representative confirmed that a callback number for the company would "be the 661" number that appeared on caller ID.

33.    In response to the allegations in Paragraph 33 of the Complaint, Furnished Finder admits that its representative, Sandra, sent an email to the updated email address provided by "Rob," in response to his request.

34.    The allegations in Paragraph 34 refer to a document, which speaks for itself. Furnished Finder denies the allegations in Paragraph 34 to the extent they are inconsistent with that document.

35.    Furnished Finder is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36.    Furnished Finder is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies them.

37.    Furnished Finder denies the allegations in Paragraph 37 of the Complaint.

38.     Furnished Finder denies the allegations in Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied.

40.     Furnished Finder denies the allegations in Paragraph 40 of the Complaint.

41.     Furnished Finder denies the allegations in Paragraph 41 of the Complaint. Answering further, Furnished Finder states that it only contacts individuals who have reached out to Furnished Finder and requested information about the company.  Furnished Finder does not "cold call" consumers.

42.     Furnished Finder denies the allegations in Paragraph 42 of the Complaint. Answering further, Furnished Finder states that it only contacts individuals who have reached out to Furnished Finder and requested information about the company.  Furnished Finder does not "cold call" consumers.

## CLASS ACTION ALLEGATIONS

43.     The allegations in Paragraph 43 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

44.     The allegations in Paragraph 44 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

45.     The allegations in Paragraph 45 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

46. The allegations in Paragraph 46 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

47. The allegations in Paragraph 47 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

48. The allegations in Paragraph 48 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

49. The allegations in Paragraph 49 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

50. The allegations in Paragraph 50 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

51. The allegations in Paragraph 51, including subsections (a) through (e), of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

52. The allegations in Paragraph 52 of the Complaint state legal conclusions not requiring a response; to the extent that the allegations are contrary to law, they are denied. Answering further, Furnished Finder denies that any class could ever be certified in this action.

7

**First Cause of Action**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

53.     Furnished Finder incorporates the responses from all previous paragraphs as if fully set forth herein.

54.     Furnished Finder denies the allegations in Paragraph 54 of the Complaint. Answering further, Furnished Finder denies that any class could ever be certified in this action.

55.     Furnished Finder denies the allegations in Paragraph 55 of the Complaint. Answering further, Furnished Finder denies that any class could ever be certified in this action.

56.     Furnished Finder denies the allegations in Paragraph 56 of the Complaint. Answering further, Furnished Finder denies that any class could ever be certified in this action.

57.     Furnished Finder denies the allegations in Paragraph 57 of the Complaint. Answering further, Furnished Finder denies that any class could ever be certified in this action.

### Prayer For Relief

As to the paragraph following Paragraph 57 of the Complaint, Furnished Finder denies that Plaintiff or any putative class member is entitled to any form of relief under any theory of recovery whatsoever. Furnished Finder admits that Plaintiff requests a trial by jury.

Furnished Finder denies, generally and specifically, all allegations not specifically admitted herein, including any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.  Furnished Finder reserves the right to rely upon any and all defenses as may become known through discovery or trial.  Furnished Finder reserves the right to amend this Answer to conform the evidence as determined in discovery or trial.

**Affirmative and Other Defenses**

Without assuming any burden of proof or burden not required by law, Furnished Finder alleges the following affirmative and other defenses with respect to Plaintiff and members of the putative class he seeks to represent (even if the affirmative defense is addressed only to Plaintiff and without prejudice to Furnished Finder's contention that no class can be maintained).

**First Defense**

To the extent that any of the members of the putative class(es) entered into an arbitration agreement covering the claims against Furnished Finder, these putative class members' claims are subject to said agreement and may not be maintained in this proceeding as part of a class action.

**Second Defense**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by the doctrine of judicial estoppel, collateral estoppel, and *res judicata*, including with respect to any other actions filed by Plaintiff.

9

**Fourth Defense**

Plaintiff cannot recover from Furnished Finder as a class action to the extent to which class recovery would deprive Furnished Finder of its due process rights to assert individualized defenses to claims of class members.

**Fifth Defense**

Plaintiff cannot recover from Furnished Finder individually or as a class action for punitive or exemplary damages on the grounds that any award of punitive or exemplary damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.  Stating further, any award of punitive or exemplary damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Sixth Defense**

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Furnished Finder and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Furnished Finder.

**Seventh Defense**

Plaintiff cannot recover from Furnished Finder under the Complaint to the extent that he has not alleged, or cannot maintain, an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

## Eighth Defense

Plaintiff's claims fail to the extent that the call(s) alleged in the Complaint do not require prior express written consent under the health care exemptions to the TCPA.

## Ninth Defense

Plaintiff's claims fail to the extent that Furnished Finder obtained prior express consent for the call(s) alleged in the Complaint.

## Tenth Defense

The Complaint is barred, in whole or in part, to the extent that Plaintiff and the putative class members lack standing.

## Eleventh Defense

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Furnished Finder acted in good faith and complied fully with the Telephone Consumer Protection Act.

## Twelfth Defense

Plaintiff's claims fail as any statutory violation by Furnished Finder was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

## Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to any alleged telephone calls.

11

**Fourteenth Defense**

Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls at issue are excepted from and/or do not fall within the purview of the Telephone Consumer Protection Act.

**Fifteenth Defense**

Plaintiff's claims are barred, in whole or in part, because Furnished Finder had no duty to Plaintiff, nor did it act fraudulently, recklessly, negligently, or unconscionably, or otherwise engage in any improper act in violation of any law that was an allegedly proximate cause of any injury to Plaintiff.

**Sixteenth Defense**

Furnished Finder cannot be held liable for any purported damages allegedly suffered by Plaintiff to the extent that such damages resulted from the acts or omissions of third persons over whom Furnished Finder had neither control nor responsibility.

**Seventeenth Defense**

Plaintiff's causes of action are barred, in whole or in part, under the applicable statutes of limitations as well as the doctrines of waiver, laches, and/or estoppel.

**Eighteenth Defense**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

**Nineteenth Defense**

Plaintiff's causes of action are barred, in whole or in part, under the doctrine of unclean hands.

**Twentieth Defense**

Plaintiff's claims are barred, in whole or in part, because Furnished Finder had and/or reasonably relied upon the requisite consent to make the at-issue calls.

**Twenty-First Defense**

Plaintiff has not sufficiently alleged (nor can he prove) that Furnished Finder willfully violated the Telephone Consumer Protection Act.

**Twenty-Second Defense**

Plaintiff's claims are barred, in whole or in part, by the primary jurisdiction of the Federal Communications Commission.

**Twenty-Third Defense**

Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls and text messages have been exempted by statute, rule, and/or by the FCC.

**Twenty-Fourth Defense**

Furnished Finder incorporates the defenses of all other persons or entities who are now or who may become parties to this action as if those defenses are set forth.

**Twenty-Fifth Defense**

Furnished Finder reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Furnished Finder, LLC, by counsel, respectfully requests that the Court enter an Order: (1) dismissing with prejudice the Complaint; (2) awarding Furnished Finder its costs and expenses incurred herein; and (3) awarding Furnished Finder such other and further relief as the Court may deem just and proper.

Dated: July 24, 2026                              Respectfully submitted:

                                                  **FURNISHED FINDER, LLC**

                                                  By: */s/ Daron L. Janis*
                                                  Daron L. Janis (N.H. Bar #271361)
                                                  TROUTMAN PEPPER LOCKE LLP
                                                  111 Huntington Avenue, 9th Floor
                                                  Boston, Massachusetts 02199
                                                  Telephone: (617) 239-0124
                                                  E-Mail: daron.janis@troutman.com

                                                  *Attorneys for Furnished Finder, LLC*


### CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I caused a copy of the foregoing *Defendant Furnished Finder, LLC's Answer to Plaintiff's Complaint* to be electronically filed with the U.S. District Court, District of New Hampshire, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

                                                  By: */s/ Daron L. Janis*
                                                  Daron L. Janis (N.H. Bar #271361)

14