**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **ROBERT CLOUGH II**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**FURNISHED FINDER, LLC**,<br><br>Defendant | Case No. 1:26-cv-00397-PB-AJ |

**DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:** August 21, 2026

**COUNSEL PRESENT/REPRESENTING**: Anthony Paronich for the Plaintiff. Daron Janis and Brooke Conkle for Defendant Furnished Finder, LLC.

## CASE SUMMARY

**THEORY OF LIABILITY**: Plaintiff alleges that Defendant Furnished Finder, LLC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), and its implementing regulation, 47 C.F.R. § 64.1200(c), by initiating or causing multiple telephone solicitations to Plaintiff's residential telephone number while that number was registered on the National Do Not Call Registry. Plaintiff alleges that his number had been registered for more than 30 days, that he had no prior business relationship with Defendant, and that he did not consent to or request Defendant's telemarketing calls. Plaintiff further alleges that Defendant's violations were willful and/or knowing. Plaintiff brings the action individually and on behalf of a proposed nationwide class of similarly situated persons.

**THEORY OF DEFENSE**: Defendant Furnished Finder, LLC ("Furnished Finder" or "Defendant") denies Plaintiff's allegations and denies that it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, or any of its implementing regulations. Furnished Finder has investigated Plaintiff's claims and has not identified any error. Furnished Finder's records reflect that it received the telephone number at issue directly from an individual who affirmatively contacted the company seeking information about its services.

Furnished Finder does not use lead generators and does not cold-call consumers. Furnished Finder contacts individuals who have affirmatively requested information directly from the company. Accordingly, any communications directed to the telephone number at issue were made with express consent and in direct response to a request for information. Furnished Finder's outreach to Plaintiff's telephone number does not constitute an unsolicited "telephone

solicitation" within the meaning of 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c), and Furnished Finder's conduct did not violate the TCPA.

Furnished Finder reserves the right to assert all available affirmative defenses, including but not limited to express consent, prior express invitation or permission, the established-business-relationship exception, lack of standing, failure to state a claim, and constitutional limitations on statutory damages in the class action context. Furnished Finder further denies that Plaintiff's claims are suitable for class treatment and will oppose class certification under Fed. R. Civ. P. 23.

**DAMAGES**: Plaintiff and the proposed Class seek statutory damages of $500 for each violation of the TCPA and, for violations determined to have been committed willfully or knowingly, treble statutory damages of up to $1,500 per violation. Plaintiff and the proposed Class also seek injunctive relief prohibiting Defendant from engaging in further unlawful telephone solicitations, together with such other relief as the Court deems just and proper. That is consistent with both the complaint's damages allegations and prayer for relief.

Defendant denies that Plaintiff has been damaged in any way.

**DEMAND**: The Plaintiff will be able to make a settlement demand within 14 days of receiving data that identifies the size of the potential class.

**OFFER**: Defendant will respond to Plaintiff's settlement offer within 14 days.

**JURISDICTIONAL QUESTIONS**: Plaintiff alleges federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227. Plaintiff further alleges that the Court has personal jurisdiction over Defendant because Defendant directed the telephone solicitations at issue to Plaintiff in New Hampshire and that venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

Furnished Finder denies that venue is appropriate in this forum and reserves the right to move to transfer the case to the Western District of Texas.

**QUESTIONS OF LAW:** Whether Defendant's alleged telephone solicitations violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c); whether the telephone numbers at issue qualify for protection under the National Do Not Call Registry provisions; whether the challenged communications constitute "telephone solicitations" within the meaning of the TCPA and its implementing regulations; whether Defendant initiated or is legally responsible for the challenged calls; whether Defendant's alleged violations were willful or knowing; whether Plaintiff and the proposed Class are entitled to statutory and/or treble damages and injunctive relief; and whether the requirements of Fed. R. Civ. P. 23 are satisfied for certification of the proposed Class.

In addition to the legal questions identified by Plaintiff, Defendant identifies the following questions of law are pertinent to this action: whether Furnished Finder's communications were made in response to a direct inquiry and therefore do not constitute unsolicited "telephone solicitations" under the TCPA; whether Plaintiff's claims fail as a matter of law where

Defendant's outreach was initiated in direct response to an affirmative request for information; whether putative class members provided express consent or initiated contact with Defendant; whether due process limits the imposition of aggregate statutory damages in a class action under 47 U.S.C. § 227(c)(5); and whether the proposed class satisfies the requirements of Fed. R. Civ. P. 23, including ascertainability, predominance, and superiority.

**TYPE OF TRIAL**: Jury.

**SCHEDULE**

**TRACK ASSIGNMENT:** *COMPLEX – 24 MONTHS*

**TRIAL DATE:** May 2028

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** *If defendant(s) claim that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault [no later than 30 days before the Joinder of Additional Parties deadline and 45 days before the Plaintiff's Expert Disclosure deadline].*

*Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.*

**AMENDMENT OF PLEADINGS:**

Plaintiff: December 15, 2026 Defendant: December 15, 2026

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff: December 15, 2026 Defendant: December 15, 2026

**THIRD-PARTY ACTIONS**: December 15, 2026

**MOTIONS TO DISMISS:** Defendant reserves the right to file a motion for judgment on the pleadings under Rule 12(c).

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff: May 3, 2027 Defendant: June 3, 2027

Supplementations under Rule 26(e) due: Expert disclosures and reports shall be supplemented as required by Fed. R. Civ. P. 26(e), with final supplementation no later than 30 days before trial, unless otherwise ordered by the Court.

**COMPLETION OF DISCOVERY:** August 31, 2027

**MOTIONS FOR SUMMARY JUDGMENT:** October 1, 2027

**CHALLENGES TO EXPERT TESTIMONY:** March 1, 2028

## DISCOVERY

**DISCOVERY NEEDED:**

Discovery is anticipated concerning, among other subjects: (1) Defendant's telephone calls and text messages to Plaintiff; (2) the identity of the persons and entities that initiated or participated in the challenged communications; (3) Defendant's telemarketing policies, practices, procedures, scripts, campaigns, and systems; (4) the telephone numbers, dialing platforms, vendors, agents, contractors, and/or third parties used to conduct the challenged telemarketing; (5) Defendant's records identifying calls made to Plaintiff and members of the proposed Class; (6) Defendant's procedures for accessing, scrubbing against, and complying with the National Do Not Call Registry; (7) consent, established-business-relationship, and do-not-call records relating to Plaintiff and proposed Class members; (8) complaints, opt-out requests, and internal do-not-call requests relating to the relevant telemarketing campaigns; (9) Defendant's knowledge concerning the TCPA and National Do Not Call requirements and its policies and training concerning compliance; (10) facts relevant to whether any violations were knowing or willful; (11) the size and ascertainability of the proposed Class; (12) the number of potentially actionable calls and resulting statutory damages; and (13) matters relevant to the requirements for class certification under Fed. R. Civ. P. 23.

Defendant anticipates needing discovery concerning, among other subjects: (1) information related to Plaintiff's computer and phone devices, including device settings, call-blocking or filtering applications, phone logs, screenshots, and any device or application used to record, document, or report the allegedly offending communications; (2) Plaintiff's litigation history, including any prior lawsuits filed by or on behalf of Plaintiff in any federal or state court; (3) Plaintiff's prior TCPA claims, demands, and settlements, including engagement agreements with counsel, amounts received, and the nature and disposition of any prior TCPA-related matters; (4) facts relevant to Plaintiff's adequacy as a class representative, including any potential conflicts of interest, financial arrangements with class counsel, involvement in prior class actions, and Plaintiff's knowledge of and ability to fulfill the duties of a class representative; (5) facts relevant to typicality, including any unique circumstances surrounding Plaintiff's claims that may distinguish Plaintiff from putative class members; (6) consent and prior inquiry records reflecting that the telephone number at issue was provided directly by a consumer requesting information; (7) evidence supporting or contradicting Plaintiff's allegations concerning the calls and text messages at issue; and (8) any other matters relevant to Defendant's affirmative defenses and to opposing class certification under Fed. R. Civ. P. 23.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

The parties will exchange the disclosures required by Fed. R. Civ. P. 26(a)(1). The parties have not stipulated to a different method of disclosure.

**INTERROGATORIES**: 25

**REQUESTS FOR ADMISSION:** 30

**DEPOSITIONS:** 10

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

The parties anticipate discovery of electronically stored information. Potentially relevant ESI includes, without limitation, call-detail records, dialing and telephony-platform data, text-message records, CRM records, lead and customer records, National Do Not Call Registry scrubbing records, internal do-not-call records, consent records, telemarketing campaign data, call recordings, emails, communications with telemarketing vendors or agents, policies and procedures, training materials, and other electronically maintained records concerning the challenged communications.

The parties will meet and confer regarding reasonable preservation obligations; identification of relevant custodians and systems; appropriate search methodologies and search terms where necessary; the scope and proportionality of ESI discovery; production formats; metadata; and procedures governing inadvertent production of privileged or work-product material.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties intend to meet and confer concerning an appropriate agreement and/or proposed order pursuant to Fed. R. Evid. 502 governing the inadvertent production of attorney-client privileged or work-product protected materials, including procedures for notification, sequestration, return or destruction, and preservation of privilege notwithstanding inadvertent disclosure.

**OTHER ITEMS**

**SETTLEMENT POSSIBILITIES:**

Cannot be evaluated prior to exchanging discovery

**JOINT STATEMENT RE: MEDIATION:** Defendant requests a mediation with the magistrate judge after December 15, 2026.

**TRIAL ESTIMATE:** 5 days if a class is certified.

**WITNESSES AND EXHIBITS:** Due 10 days before the Final Pretrial Conference. Objections are due 15 days after filing of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:** Plaintiff shall file any motion for class certification pursuant to Fed. R. Civ. P. 23 on or before October 1, 2027. Defendant’s opposition and Plaintiff’s reply shall be

filed in accordance with the applicable Federal and Local Rules or such other schedule as the Court may order.

Dated: 8/25/2026

By: */s/Adam H. Weintraub*
Adam H. Weintraub (NH Bar No. 275047)
**WEINTRAUB LAW LLC**
170 Commerce Way, Suite 200
Portsmouth, New Hampshire 03801
Tel. (603) 212-1785
aweintraub@awhfirm.com

Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

**FURNISHED FINDER, LLC**

By: */s/ Daron L. Janis*
Daron L. Janis (N.H. Bar #271361)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts 02199
Telephone: (617) 239-0124
E-Mail: daron.janis@troutman.com

*Attorneys for Furnished Finder, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this date through the Court's electronic docketing system upon all counsel and parties of record.

Dated: August 25, 2026 *_/s/ Adam H. Weintraub_*